IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MICHAEL ROBERTSON, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | NO. 4:19-CV-1054-O |
| | § | (NO. 4:17-CR-156-O) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Came on for consideration the motion of Michael Robertson, movant, under 28 U.S.C.

§ 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having

considered the motion, the government's response, the record, including the record in the

underlying criminal case, No. 4:17-CR-156-O, styled "United States v. Matthew Dean Atkins, et

al.," and applicable authorities, finds that the motion should be denied.

## I.  BACKGROUND

The record in the underlying criminal case reflects the following:

On September 20, 2017, movant was named in a one-count information charging him with

conspiracy to possess with intent to distribute 50 grams of more of a mixture and substance

containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR Doc.[1]

97. Movant and his counsel signed a waiver of indictment. CR Doc. 112. They also signed a factual

resume setting forth the penalties movant faced, the elements of the offense, and the stipulated

---

[1] The CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:17-CR-156-O.

facts establishing that movant had committed the offense charged. CR Doc. 113. On September 25, 2017, movant entered a plea of guilty. CR Doc. 117.

The probation officer prepared the presentence report ("PSR"), which reflected that movant's base offense level was 34. CR Doc. 130, ¶ 31. He received a two-level enhancement for possession of a firearm. *Id.* ¶ 32. He received a two-level and a one-level adjustment for acceptance of responsibility. *Id.* ¶¶ 38, 39. Based on a total offense level of 33 and a criminal history category of VI, movant's guideline imprisonment range was 235 to 293 months. *Id.* ¶ 115. Movant filed objections, CR Doc. 150, and the probation officer prepared an addendum to the PSR. CR Doc. 168. Thereafter, movant withdrew his objections. CR Doc. 188.

The Court sentenced movant to a term of imprisonment of 195 months. CR Doc. 210. The Court adopted the findings in the PSR. CR Doc. 235 at 3. It granted a downward departure of 15 months. *Id.* at 10. The undersigned noted that he had given a lot of thought to the facts underlying the case and to movant's criminal history, including an assault, and determined that the sentence imposed was appropriate. *Id.* at 11–12. Movant appealed. CR Doc. 218. Counsel filed a motion to withdraw and a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Counsel was allowed to withdraw and the appeal was dismissed. *United States v. Robertson*, 738 F. App'x 292 (5th Cir. 2018). Movant did not file a petition for writ of certiorari.

## II.  GROUNDS OF THE MOTION

Movant asserts two grounds in support of his motion. First, he says that the applicable sentencing range was incorrectly calculated because there was insufficient evidence to support a two-level enhancement for possession of a firearm. Doc.[2] 1 at 4. Second, he says that he received

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.

ineffective assistance of counsel because his attorney failed to argue that there was insufficient evidence to support the firearm enhancement. *Id.* at 5.

## III.  APPLICABLE LEGAL STANDARDS

### A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV. ANALYSIS

Movant's first ground, alleging failure to properly calculate his sentencing guidelines, is not cognizable under § 2255. *United States v. Williamson*, 183 F.3d458, 462 (5th Cir. 1999). Such a ground could and should have been raised on appeal and cannot be pursued here. *Shaid*, 937 F.2d at 231 (quoting *Frady*, 456 U.S. at 165). A defendant cannot assert an issue for the first time on

4

collateral review without showing both cause and prejudice. *Id.* at 232. Although he alleges that

failure of appellate counsel to raise the issue was cause, movant has not shown prejudice.

Movant contends that he could not have been subjected to the two-level enhancement based

solely on the hearsay statement of a coconspirator. Doc. 1 at 4; Doc. 15 at 12–13. But, when

making factual findings for sentencing purposes, courts may consider any information that bears

a sufficient indicia of reliability. *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012).

Generally, a presentence report bears sufficient indicia of reliability to be considered evidence. *Id.*

"Sufficient indicia of reliability" means that the facts relied upon must be reasonably reliable.

*United States v. Malone*, 828 F.3d 331, 337 (5th Cir. 2016). The standard is not intended to be

onerous. *Id.* Even uncorroborated hearsay may be sufficient. *Id.*; *United States v. Gaytan*, 74 F.3d

545, 558 (5th Cir. 1995).

In this case, movant does not point to any evidence to show that the coconspirator's

statement that movant carried a handgun during the conspiracy was false. Rather, he speculates

that surely someone else would have seen him with a handgun and reported it to the government.

He says that if counsel had proceeded with the objection, "defense witnesses—or government

witnesses called and questioned by the defense—could have or may have established that [movant]

was not known to possess a firearm while dealing drugs." Doc. 15 at 13. Further, "[w]hether such

evidence exists is anyones [sic] guess." *Id.* Movant has not cited any evidence, and the Court is

aware of none, that would authorize the granting of a § 2255 motion based on a guess.

In his second ground, movant asserts that his counsel was ineffective for failing to pursue

his objection to the two-level enhancement for possession of a firearm. For the reasons discussed,

his speculation as to what the evidence might have established is not sufficient to show ineffective

assistance. *Miller*, 200 F.3d at 282. Movant complains that counsel withdrew the objection without his consent based on counsel's belief that movant would lose acceptance of responsibility if he persisted in the objection. Movant says that it was not true that he would have lost acceptance of responsibility, but, again, does not cite authority in support of this proposition. He has not shown that counsel's advice fell below the wide range of professional legal advice. *Strickland*, 466 U.S. at 689.

Failure to raise a meritless objection cannot form the basis for a successful claim of ineffective assistance of counsel. *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999). For the same reason, there cannot have been any ineffective assistance on appeal. *Medellin v. Dretke*, 371 F.3d 270, 279 (5th Cir. 2004). Movant's belief that it is irrelevant how the Fifth Circuit might have ruled is erroneous. Doc. 15 at 15. Movant had to show a reasonable probability that, but for counsel's unreasonable failure to raise the issue on appeal, he would have prevailed. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Halprin v. Davis*, 911 F.3d 247, 260 (5th Cir. 2018). This he has failed to do.

## V. CONCLUSION

For the reasons discussed herein, the relief sought in movant's motion is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 19th day of February, 2021.

Reed O'Connor
UNITED STATES DISTRICT JUDGE